UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KYLE LEE PAYMENT,<br><br>    Plaintiff,<br> v.<br>RYAN PUGH,<br><br>    Defendant. | CASE NO. 3:22-cv-05569-TL-GJL<br><br>ORDER ON PLAINTIFF'S PETITION FOR A WRIT OF *HABEAS CORPUS AD TESTIFICANDUM* |

This matter is before the Court on Plaintiff Kyle Lee Payment's Petition for a Writ of *Habeas Corpus Ad Testificandum* requesting the Court direct the Washington State Department of Corrections to produce Plaintiff before the Court for his trial that is scheduled to commence on June 17, 2024. Dkt. No. 47. Having considered Plaintiff's petition, Defendant's response[1] (Dkt. No. 48), Plaintiff's reply (Dkt. No. 49), and the relevant record, the Court DENIES IN PART and GRANTS IN PART Plaintiff's petition.

---

[1] The motion was responded to by DOC, as "the Defendant in this case is an individual who has no authority." Dkt. No. 48 at 1 n.1.

ORDER ON PLAINTIFF'S PETITION FOR A WRIT OF HABEAS CORPUS AD TESTIFICANDUM - 1

## I. BACKGROUND

Plaintiff brings claims under 42 U.S.C. § 1983 alleging that Defendant Ryan Pugh, a correctional officer, violated his First Amendment rights by retaliating against him for filing a grievance and his Eighth Amendment rights by using excessive force while removing handcuffs from him. *See* Dkt. No. 24. According to his counsel, Mr. Payment is currently confined at the Washington State Penitentiary ("WSP") located in Walla Walla, Washington.[2] Dkt. No. 47-2 ¶ 3. Mr. Payment believes he is likely to be transferred to a correctional facility in Oregon. Dkt. No. 47 at 1; Dkt. No. 47-2 ¶ 5.

## II. LEGAL STANDARD

In general, "[a] plaintiff in a civil suit who is confined in state prison at the time of a hearing has no absolute right to appear personally." *Demoran v. Witt*, 781 F.2d 155, 158 (9th Cir. 1985) (internal citation omitted). This is because "imprisonment suspends the plaintiff's usual right to be personally present at judicial proceedings brought by himself or on his behalf." *Hernandez v. Whiting*, 881 F.2d 768, 770 (9th Cir. 1989) (internal citations omitted); *accord Moaddab v. Cnty. of Orange*, 816 F. App'x 122, 123 (9th Cir. Aug. 10, 2020). "'A district court may, however, issue a writ of *habeas corpus ad testificandum* to secure the physical presence of a prisoner in court.'" *Ewalan v. Wash. State Dep't of Corr.*, No. C20-5678, 2023 WL 6460985, at *1 (W.D. Wash. Oct. 4, 2023), *reconsideration denied*, No. C20-5678, 2023 WL 6626108 (W.D. Wash. Oct. 11, 2023) (quoting *Janahi v. Zuberi*, No. C21-3975, 2022 WL 20217502, at *1 (C.D. Cal. Sept. 27, 2022)).

The decision whether to issue a writ of *habeas corpus ad testificandum* lies within the discretion of the district court. *See Wiggins v. Alameda Cnty.*, 717 F.2d 466, 467 (9th Cir. 1983)

---

[2] Defendant states that Plaintiff is currently residing at Stafford Creek Corrections Center in Aberdeen, Washington. Dkt. No. 48 at 2.

(reviewing issuance of the writ for abuse of discretion); *see also United States v. Smith*, 924 F.2d 889, 896 (9th Cir. 1991) ("The denial of a writ of habeas corpus ad testificandum is reviewed for abuse of discretion." (internal citation omitted)). In determining whether to issue the writ, district courts consider factors such as: (1) "whether the prisoner's presence will substantially further the resolution of the case"; (2) "the security risks presented by the prisoner's presence"; (3) "the expense of the prisoner's transportation and safekeeping"; and (4) "whether the suit can be stayed until the prisoner is released without prejudice to the cause asserted." *Wiggins*, 717 F.2d at 468 n.1.

### III. DISCUSSION

Mr. Payment requests the Court: (1) direct the Washington State Department of Corrections ("DOC") to produce him before the Court for his trial in June 2024; (2) direct DOC not to transfer him to another facility until after the trial concludes; (3) allow him and witnesses in custody to wear civilian clothes during trial; (4) permit him to remain un-handcuffed and un-shackled in the presence of the jury unless he presents a security risk during trial; (5) permit him to sit at counsel table next to his counsel during trial unless he presents a security risk during trial; and (6) not have DOC law enforcement/security personnel escort him in the presence of the jury unless he presents a security risk during trial. Dkt. No. 47 at 1–2. Mr. Payment asserts that it will be "impossible" for him to participate in the preparation for his trial as well the process of his trial if he is transferred to an out of state facility. *Id.* at 1. Mr. Payment asserts it is essential for him to be present at trial for the jury "to personally observe [him] testify about what happened to him and the suffering he endured" and because the case involves numerous records. *Id.* at 2.

Defendant requests the Court consider Mr. Payment's criminal history and the cost of transportation. Dkt. No. 48 at 1. Defendant points out that Mr. Payment has a history of

assaulting correctional officers. *Id.* at 2. While incarcerated at DOC, Mr. Payment has had fifteen convictions for custodial assaults against staff members and has a pending case for a sixteenth custodial assault. *Id.* Defendant states "it would be a significant undertaking to transport an inmate such as Mr. Payment" to court and that DOC will comply with a court order to facilitate video conferencing during trial. *Id.* at 3.

### A.   Furthering Resolution of the Case

The Court determines that Mr. Payment's physical presence at trial will not substantially further the resolution of the case because videoconferencing technology will enable him to participate in the trial remotely. *See Ewalan*, 2023 WL 6460985, at *2 (declining to order writ of *habeas corpus ad testificandum*); *cf. Thompson v. Hicks*, No. C08-1065, 2012 WL 12874936, at *1 (W.D. Wash. Sept. 4, 2012) (declining to order new trial based on alleged prejudice where incarcerated *pro se* plaintiff appeared at trial via videoconference in § 1983 action). The only reasons Mr. Payment provides for why his presence is essential are that the jury needs to personally observe him to judge his credibility and the case involves numerous records. These reasons do not justify his in-person presence at trial. Mr. Payment does not explain why a jury will be unable to assess his credibility via videoconference, especially in a case where there are at least two videos of the incident they can examine in addition to hearing live testimony. *See* Dkt. No. 30 ¶ 7. Further, the jury will be able to observe Mr. Payment through videoconferencing technology, and videoconferencing capabilities available to the Court will allow counsel to share documents with both Mr. Payment and the jury during trial.

### B.   Security Risk

The Court finds that there is some security risk presented to security personnel by Mr. Payment's presence, given his history of assaulting correctional staff.

C.     **Expense of Transportation and Safekeeping**

Defendant asserts that it has not been determined if Mr. Payment will be transported out of state. Dkt. No. 48 at 3. If Mr. Payment is transferred to a facility in Oregon—depending upon the facility—it may be roughly the same distance from the United States Courthouse in Seattle as the WSP, or possibly closer for preparation or participation purposes.[3] Regardless of whether Mr. Payment is transferred out of state or not, the DOC will incur substantial expenses in transporting him to the courthouse and housing him in Seattle throughout his trial. Given the reasons asserted by Mr. Payment and the facts of this case, the Court sees no justification for requiring DOC to incur these expenses when videoconferencing technology will permit him to participate remotely.

D.     **Possibility of a Stay**

Neither party has raised the possibility of a stay, and the Court does not have any information regarding when Mr. Payment might be released from custody. Therefore, the court will not consider a stay.

### IV.     CONCLUSION

While the Court does not make this decision lightly, it concludes that a writ of *habeas corpus ad testificandum* is not appropriate in this case based on the foregoing considerations. However, the Court finds that some of Mr. Payment's requests should still be granted, even if he will be testifying remotely. Therefore, the Court DENIES IN PART and GRANTS IN PART Plaintiff's

---

[3] The WSP in Walla Walla is over 250 miles from the United States Courthouse in Seattle. Driving Directions from WSP to Seattle Courthouse, Google Maps, https://perma.cc/6JDH-BFNJ (follow "Directions" hyperlink; then search starting point field for "Washington State Penitentiary, Walla Walla, WA 99362" and search destination field for "700 Stewart St, Seattle, WA 98101"). The Stafford Creek Corrections Center is approximately 120 miles from the Courthouse. Driving Directions from Stafford Creek Corrections Center to Seattle Courthouse, Google Maps, https://perma.cc/L4HZ-SRNX (follow "Directions" hyperlink; then search starting point field for "Stafford Creek Corrections Center, 191 Constantine Way, Aberdeen, WA, 98520" and search destination field for "700 Stewart St, Seattle, WA 98101").

petition.

Accordingly, the Court hereby:

1. DENIES Mr. Payment's motion for a writ of *habeas corpus ad testificandum* and DIRECTS that Mr. Payment shall participate in trial remotely via videoconference.
2. DENIES Mr. Payment's request to direct DOC not to transfer him to another facility until after the trial concludes.
3. GRANTS Mr. Payment's request that he and any witnesses who are in custody be allowed to wear civilian clothes during his trial. The Court further ORDERS that Mr. Payment and any witnesses who are in custody at the time they testify be positioned such that the background will not indicate they are in custody.
4. GRANTS Mr. Payment's request that he be permitted to remain un-handcuffed and un-shackled during his testimony unless he presents a security risk during trial.
5. DENIES AS MOOT Mr. Payment's requests to permit him to sit at counsel table next to his counsel during trial and not have DOC law enforcement/security personnel escort him in the presence of the jury.
6. ORDERS the Washington State Department of Corrections to facilitate the implementation of this Order.

Dated this 22nd day of February 2024.

Tana Lin
United States District Judge