UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| KYLE LEE PAYMENT,<br><br>    Plaintiff,<br> v.<br><br>RYAN PUGH,<br><br>    Defendant. | CASE NO. 3:22-cv-05569-TL<br><br>ORDER GRANTING MOTION TO CONTINUE TRIAL |

This civil rights case between incarcerated Plaintiff Kyle Lee Payment and Defendant Ryan Pugh, a corrections officer, is currently set for trial on June 17, 2024. *See* Dkt. No. 46. The matter is before the Court on Defendant's Motion to Continue Trial. Dkt. No. 55. Having reviewed the relevant record, including Plaintiff's response (Dkt. No. 61) and Defendant's reply (Dkt. No. 65), and being fully advised on the issue, the Court GRANTS the motion to continue and RESETS the trial to April 28, 2025. An amended case management schedule reflecting this change

will be entered separately. The Court also STRIKES without prejudice the Parties' pending pretrial motions, to be refiled as appropriate in accordance with the amended schedule.[1]

Defendant seeks a continuance of the trial date and related pretrial deadlines to allow his newly assigned counsel, Assistant Attorney General Chad Arceneaux, time to familiarize himself with the case and prepare for trial. Dkt. No. 55 at 2–3. Previously, the case was solely assigned to former Assistant Attorney General Miles Russell, who recently left the employment of the Attorney General's Office ("AGO"). Dkt. No. 55 at 2; Dkt. No. 66 ¶ 2. This is the first request for a trial continuance in this case. Dkt. No. 55 at 3; Dkt. No. 61 at 2.

Plaintiff opposes a continuance. Plaintiff argues that (1) the AGO was not diligent in reassigning the case upon learning of Mr. Russell's planned departure, (2) it is unclear that Mr. Russell is unavailable to assist in this case going forward because he appears to still be attorney of record in other cases involving the AGO, (3) Mr. Arceneaux was able to meet the deadline for filing motions *in limine*, and (4) any delay would disproportionately prejudice Plaintiff. Dkt. No. 61 at 3–6. Plaintiff's prejudice argument relies primarily on the large number of potential trial conflicts his legal counsel has through March 2025. Dkt. No. 61 at 4–6.

The Court may modify scheduling orders for good cause. Fed. R. Civ. P. 16(b)(4). In considering a defendant's request for a trial continuance, the Court considers: "(1) counsel's diligence in preparing his defense prior to the trial date; (2) whether the continuance would satisfy the defendant's needs; (3) the inconvenience a continuance would cause the court and the [other party]; and (4) the extent to which the defendant would suffer harm if the continuance was denied." *United States v. Wilke*, 2020 WL 92005, at *2 (W.D. Wash. Jan. 8, 2020) (citing *United*

---

[1] The Court urges the Parties, prior to refiling any motions *in limine*, to review Section III.H of the Court's Standing Order for All Civil Cases, which states that "Parties are discouraged from filing motions *in limine* that do not identify specific evidence or exhibits to be excluded, that request relief at a high level of generality, or that merely ask the Court to apply the Federal Rules of Evidence in the absence of an unusual issue."

ORDER GRANTING MOTION TO CONTINUE TRIAL - 2

*States v. Zamora-Hernandez*, 222 F.3d 1046, 1049 (9th Cir. 2000)) (granting motion to continue trial). "A trial judge has broad discretion in deciding a motion to continue trial." *Id.* (citing *Morris v. Slappy*, 461 U.S. 1, 11 (1983)).

The AGO has acted diligently in preparing Defendant's case for trial. Mr. Russell announced his resignation from the AGO on April 15, 2024. Dkt. No. 66 ¶ 3. Plaintiff does not argue lack of diligence prior to Mr. Russell's announced departure. Instead, Plaintiff points to the fact that Mr. Russell sought a continuance in a different case as early as April 16 due to his impending departure, implying that the three-week delay in moving to continue this case shows a lack of diligence on the part of the AGO. Dkt. No. 55 at 3. It is true that Mr. Arceneaux noted his appearance and filed the instant motion to continue on May 8, three weeks after Mr. Russell informed the AGO that he was leaving. Dkt. Nos. 53–55. In Defendant's reply, the AGO notes that upon learning of Mr. Russell's impending departure, it had to assess his entire caseload to make appropriate reassignment decisions. Dkt. No. 66 ¶ 3. In the three-week period highlighted by Plaintiff, the "case was re-assigned to Mr. Arceneaux . . . . [who then had to do a] preliminary assessment, [arrange] client meetings, [schedule] a conference with plaintiff's counsel Mr. Parker to request a continuance, and []draft[] and fil[e ]the instant motion to continue as well as filing notice of withdrawal and appearance." Dkt. No. 65 at 3. Mr. Arceneaux also filed motions *in limine* on behalf of Defendant on the previously scheduled May 13 due date, five days after the motion to continue was filed (*see* Dkt. No. 59), and a motion seeking leave for certain trial witnesses to appear remotely pursuant to a Court-established deadline for such requests (*see* Dkt. Nos. 51, 63).[2] The Court therefore cannot say, upon learning of Mr. Russell's resignation, that the AGO has not acted diligently in preparing for trial, which includes seeking a continuance.

---

[2] The Court notes that Defendant's trial-related motions were filed while this motion to continue was pending but in accordance with the still operative Court-set deadlines. Since a continuance would impact these trial-date-related

ORDER GRANTING MOTION TO CONTINUE TRIAL - 3

A continuance would satisfy Defendant's stated need by providing his new counsel adequate time to prepare for trial. Plaintiff does not address this element in his response. Defendant notes that Mr. Russell was the sole counsel for this case prior to its reassignment. Dkt. No. 55 at 1. Thus, the additional time would allow Mr. Arceneaux "to fully grasp the facts, claims, and defenses involved in this case, as well as time to perform the fundamental litigation tasks needed to defend the matter at trial such as, for example, development of trial strategy, analysis of legal issues and preparation of any pretrial motions, analysis of potential trial exhibits, analysis of potential and anticipated witness testimony, and analysis and preparation of potential jury instructions." *Id.* at 4–5.

A continuance would not pose a significant inconvenience to either the Court or Plaintiff. Plaintiff's primary argument in opposition to a continuance is that it would be inconvenient for his legal counsel who "has at least one trial scheduled nearly every month through March of 2025." Dkt. No. 61 at 4–6. Plaintiff also highlights a disparity in resources between his legal counsel's practice and the AGO. *Id.* at 3–4. But the Parties acknowledge that this case has not previously been continued (Dkt. No. 55 at 3; Dkt. No. 61 at 2) and counsel for both Parties have noted their respective trial conflicts for the Court to consider (*see* Dkt. No. 61 at 4–5; Dkt. No. 55 at 3). More importantly, Plaintiff concedes that "[t]his is a very simple case" (Dkt. No. 61 at 1) requiring no more than 3 trial days (*see* Dkt. No. 45 at 2). Thus, if the Court is able accommodate the Parties' respective trial conflicts, it is unclear what, if any, prejudice Plaintiff would suffer from a continuance other than the delay itself.

---

deadlines, and Defendant specifically requested that trial-related deadlines be reset along with the trial date should the motion be granted, the Court will strike these motions without prejudice to be refiled in accordance with the amended trial schedule.

On the other hand, Defendant would be harmed should his newly assigned counsel not be given sufficient time to prepare for trial. Despite it potentially being "a very simple case" (Dkt. No. 61 at 1), as noted in the motion, "the claims presented in this case include the potential for punitive damages which significantly increase the legal jeopardy faced by [Defendant]" (Dkt. No. 55 at 5). Mr. Arceneaux has only been assigned to this case for approximately one month (Dkt. No. 66 ¶ 3), whereas Plaintiff's counsel has represented Plaintiff since at least November 2022 (Dkt. No. 14). Without a continuance, Mr. Arceneaux would have had less than two months in which to prepare for trial. This disparity in time to prepare presents a sufficient threat of potential harm to Defendant, through no fault of his own, to warrant good cause for a continuance.

Consequently, the Court in its discretion finds good cause to GRANT Defendant's motion to continue. Dkt. No. 55. In consideration of the Parties' stated availability, the Court RESETS the trial date to April 28, 2025. The Court STRIKES the previously entered trial schedule (Dkt. No. 46) and will enter an amended case management schedule consistent with this Order. As such, the Court also STRIKES without prejudice the Parties' respective Motions *in Limine* (Dkt. Nos. 57, 59) and Defendant's Motion for Witnesses to Appear at Trial Via Zoom (Dkt. No. 63) with leave to refile if appropriate.

Dated this 29th day of May 2024.

Tana Lin
United States District Judge